UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | |
|---|---|
| DANIEL MICHAEL KELLEY,<br>        Petitioner,<br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br>        Respondents. | **20-00132**<br>**SECT. T MAG. 4**<br>CASE NO. 1:91-cr-48 |

MOTION PURSUANT TO 28 U.S.C. §2241(c)(3)

IN LIGHT OF THE SUPREME COURTS RULING IN

REHAIF v. UNITED STATES, 1395 Ct. 2191 (2019)

NOW COMES, Petitioner Daniel Kelly, pro se out of necessity and moves this Honorable Court to issue an order vacating his conviction pursuant to 18 U.S.C. §922(G), in light of the Supreme Court ruling in Rehaif v. United States, 139 S. Ct. 2191 (2019). Attached hereto Petitioner submits a copy of the Fifth Circuit opinion United States v. Kelley, 981 F.2d 1464 (5th cr. 1993), which states the relevant portions of the record and procedural history of the case.

Petitioner is now in community confinement, and this court has subject matter jurisdiction over the Title 28 U.S.C. 224(c)(3) Motion.

TENDERED FOR FILING

JAN 08 2020

U S DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## ARGUMENT AND CITATIONS OF AUTHORITY

I. PETITIONER WAS ILLEGALLY CHARGED WITH AND UNKNOWINGLY CONVICTED OF A CRIME THAT WAS NOT AN OFFENSE AGAINST THE UNITED STATES, IN LIGHT OF THE SUPREME COURT'S HOLDING IN REHAIF V. UNITED STATES, 139 S. Ct. 2191 (June 21, 2019)

In Rehaif v. United States, the Supreme Court held contrary to every circuit court in the Country that the term "knowingly" in 18 U.S.C. § 924(a)(2) applies to - both the possession and status elements of a 18 U.S.C. 922(g) crime. 588 S. Ct. ___, 2019 WL 2552487 at *7 .. (June 21, 2019). The Court explained that "the term - 'knowingly' in § 924(a)(2) modifies the verb 'violates' and its direct object, which in this case is § 922(g)." Id at *3. And "by specifying that a defendant may be convicted only is he 'knowingly violates' § 922(g), .. Congress intended to require the Government to establ ish that the defendant knew he violated the material elements of § 922(g)." Id at *4.

Those "material elements" include not only prohib ited conduct (the firearm possession itself), the Court explained, but also prohibited status that make the ... possession illegal. Id. And therefore, where as here,

-1-

the prohibited status is having previously "conv
icted of a crime punishable by imprisonment for a -
term exceeding one year" under 18 U.S.C. § 922(g)(1),
the indictment must charge and the government must now
prove beyond a reasonable doubt-that at the time the
defendant knowingly possessed a firearm, he **also knew**
that he had previously been "convicted of a crime pun
ishable by imprisonment for a term exceeding one year."

**Rehaif has** clarified that there is no prosecutable,
stand-alone violation of § 922(g). Rather, a valid ..
"prosecution" under the United States law, has to be
"under [both] 18 U.S.C. § § 922(g) and § 924(a)(2)."
Id at *7. And in such prosecution, "the government ..
must prove that he knew he belonged to the relevant
category of persons barred from possessing a firearm."

There was no such allegation charged in the § 922
(g) count of Petitioner's indictment.[2] Admittingly, at
the time of Petitioner's indictment the law in this
circuit - andevery other circuit - was clear the ...
government need **not** prove the defendant's knoweledge
of his prohibited status in a § 922(g) prosecution, see

_____

United States v. Jackson, 120 F.3d 1226(11th Cir.
1997), Rehaif has definitively abrogated the reasoni
ng in Jackson and the other circuit cases that reason
ed similarly. Most notably, after the Supreme Court -
issued its decision in Rehaif, it GVR*d (granting cert,
vacated and remanded) for further consideration on ..
Rehaif, in Reed v. United States, 588 S. Ct. ___ , 2019
WL 318317 (June 28, 2019)(No. 18-7490), a § 922(g)(1)
case ffrom the Eleventh Circuit which Rehaif was raised
for the first time on certiorari. The Court also GVR'd
three cases from the Fourth and Fifth Circuit's. Allen
v. United States, ___ S. Ct. ___ , 2019 WL 2649798 (June
28, 2019)(No. 18-7123); Hall v. United States, 2019 WL
2649770 (June 28, 2019)(No. 17-9221); Moody v. United
States, 2019 WL 1980311 (June 28, 2019)(No. 18-9071).

In light of Rehaif, and the abrogation of Jackson,
Petitioner's § 922(g) conviction must be reversed, and
the § 922(g) count must be dismissed.


A. THE 18 U.S.C. § 922(g) COUNT OF THE INDICTMENT
FAILS TO CHARGE A FEDERAL CRIME, WHICH IS A JURISDICT
IONAL DEFECT REQUIRING DISMISSAL


As a matter of law, "[s]ubject-matter jurisdiction
can never be waived or forfeited." Gonzalez v. Thaler,

-3-

565 U.S. 134, 141 (2012). Thus, "a court's subject matter jurisdiction may be raised ant any point." See Peretz v. United States, 501 U.S. 923, 953 (1991). This Court has been clear that the indictment's failure to charge a crime is a jurisdictional error not subject to waiver by even a guilty plea. United States v. Peter, 310 F.3d 709, 713-14 (11th Cir. 2003); United States v. Saac, 632 F.3d 1203, 1208 (11th Cir. 2011); United States v. Izurieta, 710 F.3d 1176, 1178-79 (11th Cir. 2013)(ackn owledging that this Court has an obligation to **sua sponte** raise and correct jurisdictional errors at any time bef ore the mandate issues). See McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001)(defining a "jurisdictional .. defect" as "one that [strip[s] the court of its power to act and [ma[kes] its judgment void." Escareno v. Carl Nolte Sohne GmbH & Co, 77 F.3d 407, 412 (11th Cir. 1996). Because parties cannot by acquiescence or agreement confer jurisdiction on a federal court, a judgment tainted by a jurisdictional defect must be reversed. See Harris v. United States, 149 F.3d [1304,] 1308-1309 (11th Cir. 1998)"). Failing to allege a federal offense **at all** in the indictment is not an excusable infirmity. See Izurieta, 710 F. 3d 1t 1179.

In the 18 U.S.C. § 922(g) count of the indictment, Petitioner is charged with a firearm possession by a

-4-

person previously convicted of a crime punishable by a term exceeding one year. And that conduct, as per Rehaif, is simply **not** a violation of any "law" of the - United States. It is essentially an incomplete offense, as explained in Rehaif. Since the correct "prosecution" is under both § 924(a)(2) and § 922(g)(1), the § 922(g) count in the indictment charged a "non-offense" - which did not confer jurisdiction upon the district court .. over his case. See Peter, 301 F.3d at 713-14 (district court had no jurisdiction to adjudicate defendant ... guilty where indictment charged conduct that fell out side the reach of the mail fraud statute; following .. United States v. Meacham, 626 F.2d 503 (5th Cir. 1980) (district court had no jurisdiction where indictment charged a "conspiracy to attempt" to import/distribute marijuana, which was not a offense); See also United States v. Hubert, 909 F.3d 335, 343 (11th Cir. 2018) ("we are bound by our circuit precedent in Peter;" also citing Class v. United States, 138 S. Ct. 798, 802 (20 18) as supported for continued adherence to Peter), reh 'g en banc denied, 918 F.3d 1174 (11th Cir. 2019).

Here, as in both Peter and Meacham, the indictment on the 18 U.S.C. § 922(g) count charged conduct that is effectively a "non-offense." Moreover, this case

-5-

is directly analogous to <u>United States v. Martinez,</u>
800 F.3d 1293 (11th Cir. 2015) as well, where the U.S.
Supreme Court GVR'd for further consideration of the ..
sufficiency of an indictment under 18 U.S.C. § 875(c),
in light of its definitive construction of § 875(c) in
<u>Elonis v. United States,</u> 135 S. Ct. 2001 (2015) to ...
require **mens rea** beyond negligence. Considering <u>Elonis</u>
-upon remand in <u>Martinez,</u> the Eleventh Circuit recogn
ized that tha Supreme Court's decision had abrogated -
its prior precedents, and ordered that defendant § 875
(c) indictment be dismissed since it failed to .. allege
the essential element of **mens rea**, or facts from which
such intent could be inferred. See 300 F.3d 1t 1295 (ho
lding that the defendant's pre-<u>Elonis</u> indictment was ..
"insufficient" on its face and could not stand consist
ent with the Fifth Amendment, because the indictment -
"does not meet the Fifth Amendment requirement that the
grand jury find probable cause for each of the elements
of a violation of § 875(c);" remanding to the district
court with instructions to dismiss the indictment).

Here, as in <u>Martinez,</u> an intervening decision of
the Supreme Court has made clear that the § 922(g) ..
count of the indictment failed to charge a complete
federal offense. And in fact, without the requisite
**mens rea** required by <u>Rehaif,</u> what the indictment ...

-6-

charged in the § 922(g) count is **not** a violation
of United States law at **all**. While admittingly, dism
issal may sometime be avoided if the indictment refe
rences the applicable statute and relevant statutory
language "in its entirety," <u>United States v. Brown,</u>
752 F.3d 1344, 1353 (11th Cir. 2014), or at least ..
included some specific language from which a missing
element "can be inferred," <u>Martinez,</u> 800 F.3d at 1295,
Petitioner's indictment here was defective by every -
account.

It did **not cite** § 924(a)(2), which - according to
<u>Rehaif</u> - is the operative provision, with "knowingly
violates" language modifying § 922(g). It did not ..
track the "knowingly violates" language in § 924(a)(2).
Nor did it allege any facts from which the now-necess
ary-to-be-proved knowledge of ststus element may be
inferred. As such, there is simply no assurance from
the face of Petitioner's indctment that the grand jury
found this element. The grand jury only charged that
Petitioner knew of his conduct (possession of a fire
arm), **not his status**. And that is contrary to what -
as per <u>Rehaif</u> - the United States Code always required.

The Supreme Court has been clear that when it ..
"construes a statute, it is explaining its understand
ing of what the statute meant continuously since the

-7-

date it became law." <u>Rivers v. Roadway Exp.; Inc,</u>
511 U.S. 298, 313 n.12 (1994). "Thus, it is not accu
rate to say that the Court's decision in [<u>Rehaif</u>] —
'changed' the law ... Rather, given the structure of
our judicial system, the [<u>Rehaif</u>] opinion finally ..
decided what § 922(g) had **always** meant and explained
why the Courts of Appeals misinterpreted the will of
the enacting Congress,: <u>Id</u>. see also <u>Id</u> at 312-13 ("A
judicial construction of a statute is an authoritative
statement of what the statute meant before as well as
after the decision of the case giving rise to that
construction.").

And indeed, because the grand jury only charged
in the indictment Petitioner violated § 922(g)(1),
which is a non-offense without the addition of the
§ 924(a)(2)'s "knowingly" requirement which applies
to bot status and possession ·elements i  § 922(g)(1),
the indictment was insufficient on its face and must
now be dismissed. The Supreme Court has been clear for
over half century that the deprivation of the "defend
ant's substantial right to be tried **only** on charges
presented in an indictment returned by a grand jury"
is "far too serious te be treated as nothing more ..
than a variance and dismissed as harmless error." -

-8-

See <u>Stirone v. United States</u>, 361 U.S. 212 (1960) <u>Id</u> at 217; see also at 219 (conviction on a charge the grand jury never made against  the defendant is "fatal error").

The Court rightly recognized in <u>Stirone</u>, "neither this nor any other court can know that the grand jury would have been willing" to charge the crime as mandated by the law.  361 U.S. at 217.  And it would vioplate the Fifth Amendment for the court to usupr the-role of the grand jury, by speculating in that regard at this time to uphold a conviction on an indictment plagued by "fatal error."

<u>Martinez</u> and <u>Stirone</u> requires that Petitioner's indictment be dismissed.

                              Respectfully Submitted,
                              Daniel M. Kelley
                              Reg. No. 03456-078
                              2929 Saint Anthony St.
                              New Orleans, LA 70122

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing motion has been sent via United States Postal Service on this day ___ of January 2020 to the party listed below:

U.S. Attorney
650 Poydras St. Suite 1600
New Orleans, LA 70130

                              Daniel Kelly






From DANiel M. Kelley #03454-078
2929 Saint Anthony ST
New ORleANs, LA 70122

TO: United States District Court
for the EAsTeRn District of Louisiana
Clerks Office
U.S. COURTHOUSE 500 PoyDRAS ST
Room C-151
New ORleANs, LA 70130

Legal
Mail