UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL M. KELLEY** | **CIVIL DOCKET** |
| **VERSUS** | **NO: 20-0132** |
| **UNITED STATES OF AMERICA** | **SECTION: T** |

### ORDER

Before the Court is a Motion for Emergency Bond (R. Doc. 9) filed by Daniel M. Kelley ("Kelley"). The government has filed an opposition (R. Doc. 11). Having considered the motion, the memorandum in support, the memorandum in opposition, the record, and the applicable law, the Court will deny the motion.

Kelley's motion asks the Court to place him on bond for the remainder of his sentence based on concerns regarding the COVID-19 pandemic and his belief that one of his convictions will be overturned under 28 U.S.C. § 2241. Kelley was convicted of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).[1] The United States District Court for the Eastern District of Texas (Schell, J.) sentenced Kelley to 240 months' imprisonment on the drug count, to run concurrently with a sentence of 327 months on the Section 922(g)(1) count.[2] Kelley was sentenced to a consecutive term of 60 months on the Section 924(c) count.[3] Kelley has severed much of his term of imprisonment and has been designated by Bureau of Prisons ("BOP")

---

[1] *United States v. Kelley*, 981 F.2d 1464, 1466-67 (5th Cir. 1993).
[2] *Id*. at 1467.
[3] *Id.*

1

to serve the remainder of his sentence at a halfway house. BOP projects that Kelley will be released on December 24, 2020. On January 27, 2020, Kelley filed a petition under 28 U.S.C. § 2241, arguing that his Section 922(g) conviction was invalidated by the Supreme Court's decision in *Rehaif v. United States,* 139 S.Ct. 2191 (2019). The government has filed an opposition.

Kelley has now filed a motion asking this Court to place him on bond for the remainder of his sentence based on concerns regarding the COVID-19 pandemic and his belief that his Section 2241 motion will be successful. Construing Kelley's motion as a motion for compassionate release, the Court does not find compassionate release appropriate in these circumstances because Kelley has not yet exhausted his administrative remedies with the Bureau of Prisons. The compassionate release statute reads:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .[4]

The administrative remedy process applies to inmates in Community Corrections Centers (halfway houses).[5] The Director of the BOP has not moved to modify Kelley's sentence. Kelley has not administratively appealed the lack of a motion, and thirty days have not passed since Kelley's warden received a request for such a motion. Thus, it appears that the BOP has not had the opportunity to address Kelley's request. Construing Kelley's motion as a motion for compassionate release, the Court finds Kelley has failed to exhaust his administrative remedies.

---

[4] 18 U.S.C. § 3582(c).
[5] 28 C.F.R. § 542.10(b).

3

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Kelley's Motion for Emergency Bond (R. Doc. 9) is **DENIED** without prejudice to refile once he has exhausted his administrative remedies.

**New Orleans, Louisiana**, on this 28th day of April, 2020.

_____
**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**