UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL M. KELLEY** | **CIVIL DOCKET** |
| **VERSUS** | **NO: 20-0132** |
| **UNITED STATES OF AMERICA** | **SECTION: T** |

### ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241[1] filed by Daniel M. Kelley ("Kelley"). The government has filed an opposition.[2] For the following reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241[3] is **DISMISSED** for lack of jurisdiction, **WITH PREJUDICE** as to the jurisdictional issue, and **WITHOUT PREJUDICE** as to the merits of Kelley's claim.

### BACKGROUND

Kelley was convicted by jury in the United States District Court for the Eastern District of Texas at Beaumont, Richard A. Schell, J., of possession of cocaine with intent to distribute, using and carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm as a convicted felon.[4] Kelley was sentenced to 240 months' imprisonment on the drug count, to run concurrently with a sentence of 327 months on the Section 922(g)(1) count. Kelley was sentenced to a consecutive term of 60 months' imprisonment on the Section 924(c) count.

Kelley appealed challenging whether he had the three prior convictions for serious drug offenses necessary to qualify as an armed career criminal, and claiming that "because he was a

---

[1] R. Doc. 3.
[2] R. Doc. 8.
[3] R. Doc. 3.
[4] *United States v. Kelley*, 981 F.2d 1464 (5th Cir.1993).

1

convicted felon, evidence of his flight following the discovery of the weapons was unduly prejudicial, because even an innocent man with a prior felony conviction could be motivated to flee out of a fear of prosecution."[5] The United States Fifth Circuit affirmed his convictions.[6] Kelley later filed a motion under 28 U.S.C. § 2255, which was denied.

Kelley now contends that the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) invalidated his conviction under 18 U.S.C. § 922(g)(1).

## LAW AND ANALYSIS

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief."[7] A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed.[8] In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing.[9] Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law ... or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable."[10]

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction.[11] The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255

---

[5] *Id.* at 1472.
[6] *Id.*
[7] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).
[8] *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (*citing Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)).
[9] *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (*citing United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).
[10] 28 U.S.C. § 2255(b).
[11] *See Pack*, 218 F.3d at 452.

would be "inadequate or ineffective to test the legality of his detention."[12] The petitioner bears the burden of affirmatively proving the inadequacy of § 2255.[13]

To fall under the savings clause of § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.[14]

Kelley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 asserts that *Rehaif* completely invalidated Section 922(g). However, in *Rehaif*, the Supreme Court merely clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g).[15] Thus, *Rehaif* did not announce a new rule of constitutional law, but rather, addressed an interpretation of statutory law.[16] Moreover, *Rehaif* does not apply retroactively to cases on collateral review.[17] Therefore, the Court finds that Kelley cannot meet the requirements of the savings clause of § 2255(e).

---

[12] 28 U.S.C. § 2255(e).
[13] *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).
[14] *See Reyes–Requena*, 243 F.3d at 904.
[15] *Rehaif*, 139 S. Ct. at 2195-96.
[16] *Miller v. Warden*, 1:19-CV-1448-P, 2020 WL 609824, at *2 (W.D. La. Jan. 21, 2020), *report and recommendation adopted*, 1:19-CV-1448-P, 2020 WL 614794 (W.D. La. Feb. 7, 2020), *vacated* (Feb. 7, 2019), and *report and recommendation adopted*, 1:19-CV-1448-P, 2020 WL 1472394 (W.D. La. Mar. 19, 2020); *United States v. May*, 3:16-CR-127, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019*), report and recommendation adopted*, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019) ("Certainly Rehaif embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation.").
[17] *See In re: Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Moore v. United States*, 2019 WL 4394755, at *1 (W.D. Tenn. 2019); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. 2019) (Rehaif did not announce a new rule made retroactive; it merely interpreted § 922(g)).

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [18] is **DISMISSED** for lack of jurisdiction, **WITH PREJUDICE** as to the jurisdictional issue, and **WITHOUT PREJUDICE** as to the merits of Kelley's claim.

**New Orleans, Louisiana**, on this 30th day of April, 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. 3.